UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LARRY T. WALTRIP and**
**JEAN T. WALTRIP,**
        **Plaintiffs,**

v.                                                                              Civil Action No. 2:05cv627

**BROOKS AGENCY, INC.,**
        **Defendant.**

## OPINION AND ORDER

Pending before the court are two dispositive motions, plaintiffs' Motion to Remand to the Circuit Court for Williamsburg/James City County, Virginia, and defendant's Motion to Dismiss. After examination of the record, the court determines that the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons set forth herein, plaintiffs' Motion to Remand is **GRANTED**. As granting this motion removes jurisdiction from this court, the court offers no opinion on defendant's motion to dismiss.

### I. Factual and Procedural History

Plaintiffs, Larry T. Waltrip and Jean T. Waltrip, commenced this action against Brooks Agency, Inc. and American Bankers Insurance Company of Florida ("American Bankers") as a result of flood damage to plaintiffs' residence that occurred during Hurricane Isabel. Brooks Agency is a licenced insurance agency through which plaintiffs had previously obtained flood insurance on their home. Brooks Agency had, in turn, acquired the flood insurance on plaintiffs' residence from American Bankers. However, at some point prior to the hurricane, the flood

insurance coverage lapsed, and it appears that American Bankers never received the premium payment for the period during which the hurricane and flood damage occurred.  Plaintiffs contend that Brooks Agency is responsible for the lapsing of the flood insurance policy.

Plaintiffs commenced the instant action by filing a Motion for Judgment in the Circuit Court for Williamsburg/James City County against both Brooks Agency and American Bankers. On October 18, 2005, American Bankers filed a notice of removal in the United States District Court for the Eastern District of Virginia premised on federal question jurisdiction.  On January 5, 2006, anticipating the dismissal of American Bankers, plaintiffs filed a motion to remand asserting that if American Bankers was dismissed there would no longer be a federal question. As anticipated, on January 17, 2006, the court entered a stipulated order dismissing American Bankers from the litigation.  Brooks Agency filed its response in opposition to remand on January 18, 2006, and plaintiffs filed their reply on January 23, 2006; therefore, the matter is now ripe for review.

## II. Discussion

The burden of establishing removal jurisdiction rests with the party seeking removal. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).  Any doubts as to the propriety of the removal are to be resolved in favor of remand to state court.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Mulcahey, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction.").  Here, the underlying dispute relates to a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP"), a federal program in which the United States government clearly has a substantial interest in creating

uniformity. However, plaintiffs' motion to remand asserts that dismissing American Bankers as a party eliminates federal question jurisdiction under such program. Defendant, Brooks Agency, contends both that federal question jurisdiction still exists and that, even if the court finds to the contrary, the court should, in its discretion, continue to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The court concludes that even though federal question jurisdiction under 28 U.S.C. § 1331 exists for SFIP interpretation, as well as challenges of the denial of SFIP claims brought against an insurance company, Studio Frames Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 379-80 (4th Cir. 2004), such jurisdiction does not exist in a lawsuit bringing state law claims of negligence, breach of contract, or fraud relating to the procurement of flood insurance under the NFIP. Houck v. State Farm Fire & Casualty Co., 194 F. Supp. 2d 452 (D.S.C. 2002); see Spence v. Omaha Indem. Ins. Co., 996 F.2d 793, 797 (5th Cir. 1993) (finding that federal regulations "disclaiming any agency relationship with [private insurance] companies . . . indicate intent to leave those insurers responsible for their own tortious conduct").[1] Furthermore, the court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Rather, because plaintiffs' claims all stem from the determination of whether plaintiffs' insurance agent was legally responsible under state law for failing to renew, i.e. to procure, plaintiffs' flood insurance, this case is properly remanded to the state court.

---

[1] At the time Spence was decided, the pertinent regulation was 44 C.F.R. § 61.5(i); such regulation is now found at 44 C.F.R. § 61.5(e). The Spence court explained that the language of this regulation "plainly evinces an intent to prevent expansion of SFIP coverage through misrepresentations by private parties involved with the program, thereby protecting the government from expanded liability." Spence, 996 F.2d at 797.

### A. The National Flood Insurance Program

Congress established the National Flood Insurance Program through the National Flood Insurance Act of 1968.  See 42 U.S.C. §§ 4001, et seq.  Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA") has the authority to use private insurance companies, referred to as "Write-Your-Own" ("WYO") companies, to help administer the program.  The WYO companies directly issue federally underwritten SFIPs to the public.  See 42 U.S.C. §§ 4071-72.  The SFIPs, are as their name suggests, standard, and WYO companies are not permitted to alter an SFIP's terms.

Valid insurance claims brought pursuant to an SFIP are essentially paid for by the federal government, as FEMA underwrites the risk.  Thus, a significant federal interest exists in the uniform application of the NFIP as it directly impacts the federal coffers.  Likewise, the Fourth Circuit has held that "the law is well settled that federal common law alone governs the interpretation of insurance policies issued pursuant to the NFIP."  Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 607 (4th Cir. 2002).  Therefore, as federal common law controls SFIP interpretation, and the government has a substantial interest in monitoring the NFIP as federal funds are at stake, federal question jurisdiction exists under 28 U.S.C. § 1331 for disputes involving the interpretation of SFIPs.  See Studio Frames Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 379-80 (4th Cir. 2004).  Furthermore, it remains an open question in the Fourth Circuit whether 42 U.S.C. § 4072 establishes exclusive federal jurisdiction for insurance claims filed under an SFIP against a WYO company.  Id.

### B. "Procurement" of a Standard Flood Insurance Policy

Although it is well established that federal jurisdiction exists for disputes relating to

unpaid or underpaid claims under the NFIP, as well as suits related to the interpretation of an SFIP, the justification for such jurisdiction does not apply to cases alleging predominately state law claims related to the procurement of an SFIP.  See Houck, 194 F. Supp. 2d 452; Spence, 996 F.2d at 797.  In Studio Frames, a recent Fourth Circuit case finding that federal jurisdiction existed pursuant to 28 U.S.C. § 1331, the court focused on the fact that the plaintiff's claims for breach of contract "hinge on the court's interpretation of a standard form insurance policy issued pursuant to the NFIP and codified in federal regulations," and that such interpretation "necessarily depends on the resolution of a substantial question of federal law."  Studio Frames, 369 F.3d at 380 (citations omitted).  However, although SFIP interpretation or the resolution of a claim filed pursuant to an SFIP implicate a substantial question of federal law, conduct falling outside the scope of an SFIP's terms does not necessarily implicate such a substantial question.  See Houck, 194 F. Supp. 2d at 457-58 (finding that establishing jurisdiction pursuant to 28 U.S.C. § 1331 "requires more than the presence of a federal ingredient in the litigation").  Thus, even assuming that "some federal standards or duties" apply to plaintiffs' state law claims, such standards or duties must still be shown to be an "essential element" of plaintiffs' claims in order to establish federal question jurisdiction.  Id. at 458.  In considering the instant facts, the court recognizes that "[p]olicy procurement is an entirely different creature than claims handling," and that the NFIP program intends to "leave [WYO] insurers responsible for their own tortious conduct."  Messa v. Omaha Property & Cas. Ins. Co., 122 F. Supp. 2d 513, 521 (D.N.J. 2000); cf. 44 C.F.R. § 62, app. A (art. IX) ("Further, (i) if the claim against the Company is grounded in actions significantly outside the scope of this Arrangement or (ii) if there is negligence by the agent, FEMA will not reimburse any costs incurred due to that negligence.").

The difference between a dispute pursuant to an SFIP and a dispute relating to the procurement of an SFIP, as well as the jurisdictional consequence of the difference, is carefully outlined in Houck v. State Farm Fire & Casualty Co., 194 F. Supp. 2d 452 (D.S.C. 2002). In Houck, the plaintiffs alleged breach of contract, breach of implied warranty of good faith and fair dealing, negligence, negligent misrepresentation, fraud, and civil conspiracy against a WYO insurance company in relation to the procurement of an SFIP. Id. at 456. Although the plaintiffs alleged breach of contract, they were not alleging that the defendants breached the SFIP. Instead, they were alleging that the WYO company "improperly steered them to purchase flood insurance coverage which was more expensive and in excess of their discernable needs." Id. at 454. After a lengthy analysis, the district court in Houck granted the plaintiffs' motion to remand the case to state court explaining that "the rules and regulations [of the NFIP] reflect no interest in uniformity of standards for policy procurement conduct outside of the Arrangement's scope" because, unlike lawsuits that "directly involve federal funds and the extensive regulatory regime" under the NFIP, procurement disputes present only a "slight risk that the federal funds or federal regime are implicated." Id. at 464-65. The court stated in its conclusion that "[w]hile the NFIP is central to this case factually, the legal issues in this case deal predominately with state law." Id. at 469.

Turning to the instant matter, plaintiffs' motion for judgment alleges professional negligence, breach of contract, fraud, and constructive fraud. Like in Houck, here, plaintiffs are not alleging that defendant breached the SFIP even though plaintiffs allege breach of contract. Instead, plaintiffs are alleging that they "entered into a contract with Brooks Agency to advise upon, procure and maintain flood insurance for the Waltrip Residence," and that Brooks Agency

breached this contract by failing to <u>procure</u> flood insurance.  Similarly, the remainder of plaintiffs' claims focus on the procurement process, not the terms of the SFIP or the NFIP's rules or regulations.[2]  Therefore, following the persuasive reasoning provided in <u>Houck</u>, the court determines that the legal issues in dispute implicate primarily state law because plaintiffs' allegations do not involve a claim under an SFIP, the interpretation of an SFIP, or a dispute related to the NFIP rules and regulations, but rather primarily focus on the procurement of an insurance policy and the alleged wrongful conduct of the agent.  As a result, there is only a "slight risk" that federal funds or the NFIP are implicated; thus, there are not any "substantial federal questions warranting the exercise of jurisdiction pursuant to 28 U.S.C. § 1331."  <u>Houck</u>, 194 F. Supp. 2d at 469.[3]

### III. Conclusion

Although the NFIP "is central to this case factually, the legal issues in this case deal

---

[2] Defendant alleges that because the SFIP includes language stating when the coverage expires and that the insured must pay a premium to be covered that "[d]etermining the Waltrips' responsibility to renew their policy is governed solely by the terms of the SFIP."  (Def. Opp'n to Remand at 4.)  This argument is unavailing as it merely establishes that "some federal standards or duties" apply to plaintiffs' state law claims and does not establish that a substantial federal question is implicated.

[3] Defendant also argues that jurisdiction should be retained in federal court "[f]or purposes of judicial economy and fairness to Brooks" because a federal trial date has been set and because if the case was remanded, plaintiffs would have the ability to reinstitute their lawsuit against American Bankers.  (Def. Opp'n to Remand at 5.)  The court finds this argument without merit as the federal trial date is more than four and a half months after the date of this Order, and the parties can likely have a trial in state court within such period or within a reasonable time thereafter.  Furthermore, plaintiffs stated in good faith before this court that they have agreed in writing not to proceed against American Bankers "unless evidence reveals that American Bankers' representations concerning the receipt of a premium payment were in fact proven false."  (Pl. Reply at 4.)  Based on plaintiffs' representations before this court, plaintiffs should be precluded on remand from seeking relief against American Bankers unless American Bankers received a premium payment, an event that Brooks Agency asserts never occurred.

predominately with state law." Houck, 194 F. Supp. 2d at 469.  Thus, as there is no substantial federal interest at stake, pursuant to 28 U.S.C. § 1447(c), plaintiffs' motion to remand to the Circuit Court for Williamsburg/James City County, Virginia is **GRANTED**.

The Clerk is **REQUESTED** to mail a certified copy of this Order to the Clerk of the Circuit Court for Williamsburg/James City County, Virginia, as well as copies to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February  1 , 2006